## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**05 1111** Civil Action No.

|  |  |
|---|---|
| SPRINT SPECTRUM L.P., ) | |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE $\text{Sodln}$ |
| v. ) | |
| ) | |
| TOWN OF SEEKONK, ZONING BOARD ) | **COMPLAINT** |
| OF APPEALS OF THE TOWN OF SEEKONK, ) | |
| EDWARD F. GROURKE, GARY S. SAGAR, ) | RECEIPT # |
| and RONALD BLUM in their capacities as members ) | AMOUNT $ |
| of the Zoning Board of Appeals, and ) | SUMMONS ISSUED |
| JOHN W. WHELAN in his capacity as Selectmen ) | LOCAL RULE 4.1 |
| of the Town of Seekonk, ) | WAIVER FORM |
| ) | MCF ISSUED |
| Defendants. ) | BY DPTY. CLK. |
| ) | DATE |

This action arises out of the denial by the Zoning Board of Appeals of the Town of

Seekonk (the "ZBA") of an application by Sprint Spectrum L.P. ("Sprint Spectrum") for

a Special Permit and/or Variance to attach antennas to an existing 130' lattice tower (the

"Tower") owned by Verizon, Inc. ("Verizon"), and to install associated ground

equipment within the existing Verizon Tower compound at property owned by Seekonk

Water District and located at 954 Taunton Avenue, Seekonk, Massachusetts (the "Site").

The ZBA's denial of Sprint Spectrum's permitting request violates Section 704 of the

Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c).

### A.    PARTIES

1.    The Plaintiff, Sprint Spectrum, is a limited partnership organized under the

laws of the State of Delaware with its principal place of business in Westwood, Kansas.

Sprint Spectrum is building a nationwide wireless personal communications services ("PCS") network, and is a personal wireless service provider. Sprint Spectrum holds a Federal Communications Commission ("FCC") license for PCS wireless broadcast in the Massachusetts/Rhode Island area, which includes the Town of Seekonk, Massachusetts. Sprint Spectrum is actively building out its PCS system in that area.

2.     The defendant Town of Seekonk (the "Town") is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3.     The defendant Zoning Board of Appeals (the "ZBA") is a duly authorized unit of the Town that has been delegated the authority to, among other things, approve applications for Special Permits and Variances under the Town's Zoning By-Laws (the "By-Laws").

4.     Upon information and belief, the defendants Edward F. Grourke, Gary S. Sagar, and Ronald Blum are each residents of the Town and together served as the ZBA that denied Sprint Spectrum's request for the Special Permit and/or the Variance at issue in this action.

5.     Upon further information and belief, the defendant John W. Whelan is a resident of the Town and member of the Board of Selectmen, who purported to serve on the ZBA that denied Sprint Spectrum's permitting request.

B.     JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction of this action under 28 U.S.C. §1331, as this action arises under the laws of the United States, specifically 47 U.S.C. §332(c).

7.    Venue is proper in this Court under 28 U.S.C. §1391(b). The defendants each reside in this District, and the events and/or omissions giving rise to this action occurred in this District.

## C. FACTS COMMON TO ALL COUNTS

### I. Personal Wireless Communication

8.    Sprint Spectrum is a communications venture committed to providing a single integrated offering of wireless personal communications services by building a national wireless network using PCS technology—technology that uses digital transmission to improve existing wireless telecommunications services.

9.    Portable telephones using PCS digital technology operate by transmitting a very low power radio signal between the telephone and an antenna array mounted on a tower, pole, building, or other structure. The antenna array feeds the signal to an electronic device housed in the small equipment container located near the antenna, where the signal is connected to an ordinary telephone line and then routed anywhere in the world. The antenna and equipment container are known as a "cell site." Because of the low power of the signal, the distance from the cell site to a PCS telephone is limited to a relatively small area. This area is referred to as the base station area or "cell."

10.   In order to provide continuous service to a PCS telephone user, there must be a continuous interconnected series of cells, and the cells must overlap somewhat in a grid pattern approximating a honeycomb. In addition to having continuous coverage in a series of overlapping cells, the system requires that the placement of a cell site within each cell be located in a limited area so that the cell site can properly interact with the surrounding cell sites and provide reliable coverage throughout the cell. Cell sites

3

cannot, however, be located too close to one another without causing disruptive radio frequency interference.

11.    To determine the appropriate location of a cell site, Sprint Spectrum's engineers use complex computer programs to complete a propagation study, based on the boundaries of the cell, the boundaries of existing and planned PCS coverage, the topography of the land within such boundary, the presence or absence of structures and other factors. In order for the entire system to be operational, there must be enough cells with properly placed cell sites installed and functioning so that complete coverage can be realized. Only when the entire system is operational will a PCS telephone user have service and an uninterrupted conversation throughout a given territory. If there is no functioning cell site within a cell, there would be no PCS telephone service within that cell.

12.    As a result of an extensive propagation study, Sprint Spectrum determined that it required an additional cell site in Seekonk, Massachusetts to fill a substantial and significant gap in its wireless coverage.

13.    As a further result of its propagation study and after investigation of the area, Sprint Spectrum identified property owned by Seekonk Water District, located at the Site as the most appropriate available location for the installation of a wireless telecommunications facility.

14.    The installation of a wireless telecommunications facility at the Site would permit Sprint Spectrum to address a significant and substantial coverage gap in the Seekonk area, specifically along Route 44.

4

## II. Federal Statutory Control Over PCS Siting

15.    Section 704 of the Federal Telecommunications Act of 1996 (the "1996

Act"), 47 U.S.C. § 332(c), governs federal, state and local government regulation of the

siting of "personal wireless service" facilities such as that proposed by Sprint Spectrum.

It provides, in relevant part, that:

> (i)    The regulation of the placement, construction, and
> modification of personal wireless services facilities
> by any state or local government or instrumentality
> thereof –
>
> * * *
>
> I.    shall not unreasonably discriminate among
> providers of functionally equivalent services;
> and
>
> II.    shall not prohibit or have the effect of
> prohibiting the provision of personal wireless
> services.
>
> * * *
>
> (ii)    A State or local government or instrumentality
> thereof shall act on any request for authorization to
> place, construct, or modify personal wireless
> services within a reasonable period of time after the
> request is duly filed with such government or
> instrumentality, taking into account the nature and
> scope of such request. (emphasis added).
>
> * * *
>
> (iii)    Any decision by a state or local government or
> instrumentality thereof to deny a request to place,
> construct, or modify personal wireless service
> facilities shall be in writing and supported by
> substantial evidence contained in a written record.

47 U.S.C. § 332(c)(7)(B).

16.    The 1996 Act further provides that any person adversely affected by a

state or local government's action, or failure to act, that is inconsistent with Section

332(c)(7) may seek expedited review in the federal courts. 47 U.S.C. § 332(c)(7)(B)(v).

### III. Action by the Town

17.     On or about November 22, 2004, Sprint Spectrum applied for a Special

Permit and/or Variance from the ZBA, seeking authorization to attach antennas to the

existing 130' Verizon Tower and to install the required ground equipment (the "Facility")

at the Site.

18.     The Facility would permit Sprint Spectrum to fill a substantial coverage

gap in its wireless telecommunications network in the Seekonk area, specifically along

Route 44.

19.     At a public hearing held on March 28, 2005, the ZBA voted so as to deny

Sprint Spectrum's application. That action was adopted in a written decision by the ZBA

and filed with the Town Clerk's Office on April 27, 2005. A copy of the ZBA's decision

(the "Decision") is attached hereto as Exhibit A.

20.     Defendants, Edward F. Grourke, Gary S. Sagar, and Ronald Blum voted in

favor of granting the Special Permit and/or Variance to Sprint Spectrum, and made

several findings in support thereof, namely that (1) "[t]he use is well within FCC

regulations"; (2) "[t]he addition of antennas to the existing tower is minimally intrusive

and involves little or no disruption of the existing landscape, buildings or property...";

(3) "[t]he 40 foot height restriction contained in the Zoning By-Laws constitutes a

hardship for the petitioner..."; and (4) "[t]he proposed construction is not substantially

more detrimental than the existing non-conforming use to the neighborhood."

21.     Notwithstanding the above findings in support of granting the Special

Permit and/or Variance, Defendant John W. Whelan ("Whelan") voted to deny Sprint

Spectrum's application merely stating that "[t]he petitioner's proposal represents an

6

addition to a structure that should not have been installed in the first place" and that "no additional antennas or any alterations should be permitted on the offending structure." Whelan offered no other basis for this his sole finding.

22.    In voting to deny Sprint Spectrum's application, Whelan prevented the required four (4) votes necessary to grant the Special Permit and/or Variance, thereby effectively denying Sprint Spectrum's application.

23.    The ZBA denied Sprint Spectrum's application despite the fact that the Verizon Tower was legally constructed as a multi-carrier pole, and Verizon currently has antennas attached to the Tower. Furthermore, the Town has permitted other competitors of Sprint Spectrum and providers of functionally equivalent services to attach antennas to the existing Town-owned water tank located on the Site.

24.    Accordingly, the Decision has the effect of prohibiting the provision of personal wireless services; the proposed Facility is necessary to remedy a significant gap in Sprint Spectrum's coverage in the Seekonk area.

25.    In addition, the ZBA's denial unreasonably discriminates among providers of personal wireless services by granting an enormous competitive preference to those wireless service carriers that are first to locate in a given area.

26.    Moreover, the Decision is not supported by substantial evidence contained in a written record, and constitutes unreasonable delay in contravention of the 1996 Act.

27.    The ZBA's denial of Sprint Spectrum's application for a Special Permit and/or Variance is in contravention of the 1996 Act.

28.    Sprint Spectrum has suffered and will continue to suffer irreparable harm by reason of the ZBA's actions.

7

29.     Such irreparable harm will continue unless the violations are enjoined by this Court. Further, Sprint Spectrum is without an adequate legal remedy to prevent such violations.

## D. COUNTS

### (Count I – Violation of Telecommunications Act of 1996)

30.     Sprint Spectrum hereby adopts and incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 29.

31.     Article VI, Clause 2 of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution, and the laws of the United States which shall be made in pursuance thereof … shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding."

32.     The 1996 Act governs the regulation of the placement, construction, and modification of personal wireless service facilities, and under the Supremacy Clause, preempts other regulations affecting such facilities to the extent that such other regulation conflicts with federal law.

33.     Sprint Spectrum's application constitutes a request to provide "personal wireless services" within the meaning of the 1996 Act, and, as such, is entitled to the protection of the 1996 Act.

34.     However, in contravention of the 1996 Act, the ZBA, on the Town's behalf, denied the application for a Special Permit and/or Variance, and made insufficient and erroneous findings in support of that denial.

8

35.    Such denial violated the 1996 Act in that it prohibited or had the effect of prohibiting the provision of personal wireless services in the Seekonk area, and was not supported by substantial evidence.

36.    Such denial also violated the 1996 Act in that the ZBA's actions unreasonably discriminated among wireless providers of functionally equivalent services, and have unreasonably delayed Sprint Spectrum's ability to build out its PCS system in Seekonk, Massachusetts in accordance with its FCC license.

37.    Accordingly, the ZBA's actions should be declared to be in violation of, and preempted by, the 1996 Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis. Further, the Court should exercise its power to issue an order commanding the ZBA to grant to Sprint Spectrum the Special Permit and/or Variance requested.

## (Count II – Declaratory Judgment, 28 U.S.C. §2201)

38.    Sprint Spectrum hereby adopts and incorporates by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 37.

39.    The ZBA, acting on behalf of the Town, denied Sprint Spectrum's application for a Special Permit and/or Variance.

40.    The ZBA's denial of Sprint Spectrum's application constitutes a violation of the 1996 Act as described above.

41.    An actual controversy exists due to the ZBA's wrongful denial of Sprint Spectrum's application.

Case 1:05-cv-11111-WGY    Document 1    Filed 05/27/2005    Page 10 of 14

42.     Sprint Spectrum is entitled to a declaration that the Defendants have

violated the provisions of the 1996 Act as a result of the denial of Sprint Spectrum's

application.

43.     In addition to a declaratory judgment, Sprint Spectrum is entitled to such

other and further relief as may be available under 28 U.S.C. § 2202, including, but not

limited to, injunctive relief.

## D.     PRAYERS FOR RELIEF

WHEREFORE, Sprint Spectrum respectfully requests the following relief:

1.     Money damages for, among other things, lost profits resulting from the ZBA's wrongful actions.

2.     A declaration and judgment that the ZBA's actions violated the 1996 Act and are therefore void and invalid;

3.     A declaration and judgment that the ZBA's actions are preempted by the 1996 Act and are therefore void and invalid;

4.     A declaration and judgment that the ZBA's actions are in excess of its authority, arbitrary, capricious and legally untenable under federal law and are therefore void, invalid and annulled;

5.     A declaration of the respective rights and obligations of the parties;

6.     An order mandating that the ZBA grant approval of the application for a Special Permit and/or Variance, and that the Town, by and through its duly authorized units, issue to Sprint Spectrum all other municipal permits and authorizations required to allow Sprint Spectrum to install the Facility at the Site with all deliberate speed;

7.     An expedited review of the matters set forth in this Complaint;

8.     An award of Sprint Spectrums costs of suit herein, including reasonable attorneys' fees; and

9.    Such other and further relief as the Court deems meet and
      just.

                              **SPRINT SPECTRUM L.P.**

                              By its attorneys,

                              Wayne F. Dennison (BBO #558879)
                              Jennifer L. Brooks (BBO #649126)
                              **BROWN RUDNICK BERLACK ISRAELS LLP**
                              One Financial Center
                              Boston, MA 02111
                              (617) 856-8200

**27**
May __, 2005



# ZONING BOARD OF APPEALS
100 PECK STREET
SEEKONK, MASSACHUSETTS 02771
1 (508) 336-7400

**DECISION**

Verizon Wireless
185 Washington Valley Road
Bedminster, N.J. 07921

BK: 1394   PG: 460

By: Joseph Perreira

LOCATION: 954 Taunton Avenue
Plat 17,   Lot 104
Case No. 2005-01

This petition was heard by the Board on January 31, 2005. That hearing had originally been scheduled on January 24, 2005 but was postponed due to a snowstorm. After the Board rendered its decision it was advised by Town Legal Counsel that the notice for the January 31st hearing was inadequate. Therefore, the hearing on the petition was rescheduled to March 28, 2005 with new notice. The Board's decision of January 31, 2005 was vacated.

On March 28, 2005 two of the Board's regular members were unable to attend, and the Board's two alternates were also unable to attend. Therefore, John Whelan, a member of the Board of Selectmen, sat on the Zoning Board, which consisted of four members (three regular members and one Selectman.)

In accordance with the provisions of the General Laws, the Zoning Ordinance and rules of the Board, the Clerk notified the public and other parties of interest of a public hearing to be held on said petition in the TOWN HALL on **March 28, 2005**, by causing a notice thereof to be published on **Monday, March 14, 2005, and Monday, March 21, 2005** in the Sun Chronicle and by mailing a copy of said notice on **March 10, 2005** to persons owning real estate within 300 feet in any direction from the property involved, as shown by the most recent list of the Assessor's of said Seekonk.

Pursuant to such advertisement and notice, the Board held a public hearing on **Thursday, March 28, 2005.**

> **2005-01 Verizon Wireless,** 185 Washington Valley Road, Bedminster, NJ, 07921 owner, by Joseph Pereira, Terra Search, 270 Centre Street, Holbrook, MA, 02363 and Sprint Spectrum LP D/B/A Sprint, One International Boulevard, Suite 800, Mahwah, NJ, 07495, petitioners, requesting and appeal of the Building Inspector's Decision and, if necessary a **Variance**, under Section 6.9 and/or a **Special Permit** to allow the installation of antennas & radio equipment, at existing wireless site for PCS service at 954 Taunton Avenue, Plat 17, Lot 104 in an R-2 zone containing 34,848 square feet.

MAJORITY FINDINGS:

ATTEST _____

A TRUE COPY

TOWN CLERK

'05 APR 27

1. Petitioner is Verizon, Inc. which owns a single-pole radio transmission tower located on land owned by the Seekonk Water District.

2. Petitioner requested a **Variance** and/or **Special Permit** to allow Sprint Spectrum LLP ("Sprint") to install antenna clusters on certain places on the tower.

3. Specifically, Sprint proposed to install nine antennas in three sectors. Two of the sectors would be at a height of 120 feet and one sector at 70 feet.

4. At present Verizon Wireless has an antenna array at 130 feet at the tower.

5. Sprint also proposed to install an equipment cabinet at the base of the tower which will occupy approximately 10' x 15' and stand 6.5 feet tall. Verizon has an existing equipment shelter at the base of the tower.

6. Keith Vellante testified as a witness for the petitioner and stated that there was a gap in coverage for Sprint's personal communication service for 2.5 miles along Route 44. He contended that the installation of the antennas would fill that gap.

7. Residents occupying two properties abutting the tower property spoke against the petitioner. They voiced concerns about a crack in the base of the water tower, excessive noise and safety issues. They raised issues about the Board's previous decisions regarding the installation of the tower and the placement of antennas on the water tank. They believed that their property values would be adversely affected if this Sprint's petition were allowed. They also objected to the petition on procedural on other grounds.

The following findings were made by three members of the Board, (E. Grourke, G. Sagar and R. Blum):

1. Based on the current state of scientific and medical knowledge, no adverse health consequences would result from the installation of the antennas requested by Sprint. The use is well within FCC regulations.

2. The addition of antennas to the existing tower is minimally intrusive and involves little or no disruption of the existing landscape, buildings or property, especially when compared to the alternative of constructing a new tower at another site.

3. The 40 foot height restriction contained in the Zoning By-Laws constitutes a hardship for the petitioner because the antennas would be ineffective unless they are placed at a point higher than 40 feet due to existing tree cover.

4. The proposed construction is not substantially more detrimental than the existing non-conforming use to the neighborhood.

The following findings were made by one member of the Board, (J. Whelan):

1. The petitioner's proposal represents an addition to a structure that should not have been installed in the first place. Therefore, no additional antennas or any alterations should be permitted on the offending structure.

On a motion duly made and seconded to grant the petition for a variance and special permit as presented, it was voted 3 in favor and 1 opposed. Not having the required 4 votes needed, the petition is denied.

That any appeal of this Decision shall be made to Superior Court and to the Town Clerk within twenty (20) days of the date said decision is filed with the Town Clerk.

_by direction_

Edward F. Grourke, Esq., Chairman

Gary S. Sagar, Vice-Chairman

_by direction_

Ronald Blum

John W. Whelan

EFG:ct

℀JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Sprint Spectrum L.P.

**DEFENDANTS**

Town of Seekonk, Zoning Board of Appeals of the Town of Seekonk, et al.

(b) County of Residence of First Listed Plaintiff   **Kansas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Bristol**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Wayne F. Dennison, Esq.
Brown Fudnick Berlack Israels LLP
One Financial Ctr, Boston, MA 02111 617856-8200

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                       and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Defendant violates 47 USC Sec. 332(c) and 42 USC Sec 1983 in denying a personal wireless service facility siting request.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE ___   DOCKET NUMBER ___

DATE   5/27

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)   Sprint Spectrum L.P. v. Town of Seekonk

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
    rule 40.1(a)(1)).

|     | I.   | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| X   | II.  | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121 <br> 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases |
|     | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, <br> 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, <br> 380, 385, 450, 891. |
|     | IV.  | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, <br> 690, 810, 861-865, 870, 871, 875, 900. |
|     | V.   | 150, 152, 153. |

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.
      none

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES  [ ]          NO  [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC
    §2403)
                                                                    YES  [ ]          NO  [X]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES  [ ]          NO  [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES  [ ]          NO  [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                    YES  [X]          NO  [ ]

        A.   If yes, in which division do all of the non-governmental parties reside?

             Eastern Division  [X]          Central Division  [ ]          Western Division  [ ]

        B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
             residing in Massachusetts reside?

             Eastern Division  [ ]          Central Division  [ ]          Western Division  [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
    submit a separate sheet identifying the motions)

                                                                    YES  [ ]          NO  [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Wayne F. Dennison

ADDRESS      Brown Rudnick Berlack Israels LLP, One Financial Center
             Boston, MA  02111
TELEPHONE NO.  (617) 856-8200

(CategoryForm.wpd - 5/2/05)