UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 11111 WGY

| | |
|---|---|
| SPRINT SPECTRUM L.P.,<br>　　　Plaintiff<br><br>v.<br><br>TOWN OF SEEKONK, ZONING<br>BOARD OF APPEALS OF THE<br>TOWN OF SEEKONK, EDWARD<br>F. GROURKE, GARY S. SAGAR,<br>And RONALD BLUM in their<br>capacities as members of the Zoning<br>Board of Appeals, and JOHN W.<br>WHELAN in his capacity as<br>Selectmen of the Town of Seekonk,<br>　　　Defendants | DEFENDANTS' ANSWER |

1. Admitted.

2. Admitted.

3. Denied. The Defendant, Zoning Board of Appeals is authorized by statute and by-law to issue special permits.

4. Denied.

5. Denied.

6. Admitted

7. Admitted.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

15. No answer required.

16. Admitted.

17. Admitted.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

19. Denied. No quorum was present at the public hearing and no legal vote was taken for lack of a quorum. The Town Charter provides for a 5 member Zoning Board, and the state statute requires at least 4 members to act. John Whelan, who participated at the hearing as a member of the board, had not been appointed as such, and therefore could not be counted as part of the necessary quorum nor could he cast a vote. Furthermore, a new hearing is scheduled for June 20, 2005 to act on this application.

20. Denied. No quorum was present, no legal vote taken, and new public hearing is scheduled for June 20, 2005 to consider the matter.

21. Denied. No quorum was present, no legal vote taken, and a new public hearing is scheduled for June 20, 2005 to consider the matter. John Whelan was not a duly appointed member of the Zoning Board and therefore his vote was a nullity.

22. Denied. No quorum was present, no legal vote taken, and new public hearing is scheduled for June 20, 2005 to consider the matter. John Whelan was not a duly appointed member of the Zoning Board and therefore his vote was a nullity.

23. Denied. No quorum was present, no legal vote taken, and new public hearing is scheduled for June 20, 2005 to consider the matter.

24. Denied. No quorum was present, no legal vote taken, and new public hearing is scheduled for June 20, 2005 to consider the matter.

25. Denied. No quorum was present, no legal vote taken, and new public hearing is scheduled for June 20, 2005 to consider the matter.

26. Denied. No quorum was present, no legal vote taken, and new public hearing is scheduled for June 20, 2005 to consider the matter.

27. Denied. No quorum was present, no legal vote taken, and new public hearing is scheduled for June 20, 2005 to consider the matter.

28. Denied. No quorum was present, no legal vote taken, and new public hearing is scheduled for June 20, 2005 to consider the matter.

29. Denied. No quorum was present, no legal vote taken, and new public hearing is scheduled for June 20, 2005 to consider the matter.

30. Defendant adopts and incorporates by reference all of its answers to paragraph 1-29.

31. Admitted.

32. Admitted.

33. Admitted.

34. Denied. No quorum was present, no legal vote taken, and a new public hearing is scheduled for June 20, 2005.

35. Denied.

36. Denied.

37. Denied.

38. Defendant adopts and incorporates by reference its answers to allegations contained in paragraphs 1-37.

39. Denied. No quorum was present, no legal vote taken, and a new public hearing is scheduled for June 20, 2005.

40. Denied.

41. Denied. No controversy exists since the Defendant is providing a public hearing to the Plaintiff on June 28, 2005 to consider its requests.

42. Denied.

43. Denied.

Wherefore, Defendant asks for the following relief:

a. dismissal of the Complaint;

b. that the Plaintiff be ordered to pay its legal fees on the basis that the Complaint is premature, frivolous and without any reasonable legal foundation, as the Plaintiff knew full well that the Defendant had scheduled a public hearing for June 20, 2005 to consider its requests for relief.

> The Defendants
> By their Attorneys,
> Volterra, Goldberg, Mangiaratti
> & Jacobs, Law Counsellors, Inc.
>
> _/s/ Max Volterra_
> Max Volterra, BBO# 511060
> Three Mill Street
> Attleboro, MA  02703
> (508) 222-1463

Date: June 8, 2005

## CERTIFICATE OF SERVICE

I, Max Volterra, attorney for the Defendants in the within action, hereby certify that a true copy of the within <u>Defendants' Answer of the Plaintiff's Complaint</u> was mailed via first class mail, postage prepaid, to the following counsel of record:

Jennifer L. Brooks, Esquire
Wayne F. Dennison, Esquire
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111

Signed under the pains and penalties of perjury this 8th day of June, 2005.

_____
Max Volterra